[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Barbara Ann Hayes, and the defendant were married on October 4, 1969 at Bethel, Connecticut.
One of the parties has resided continuously in the State of Connecticut for at least twelve months prior to the filing of this complaint.
The parties have three children issue of their marriage, one of whom is a minor, to wit: Chris Ann Hall, born November 10, 1977.
The plaintiff-wife and the minor child have been recipients [recipients] of State Aid, but as of this date are not receiving State Aid.
The marriage of the parties is hereby dissolved.
Upon hearing the evidence, the court found that this was a discombobulated marriage of severe improprieties on both parties and has based its decision with equal balance as against both parties.
The court finds joint custody for both parties on behalf of the minor child Chris Ann Hall. The plaintiff-mother shall have physical custody of the minor child from September 1 until March 1. The defendant-father shall have physical custody from March 2 to August 31. During the time of custody with one party, the other party shall have reasonable visitation of the minor child. During the custody of the minor child by the plaintiff, the defendant is obliged to pay support in the amount of $160.00 per CT Page 5535 week.
The plaintiff is awarded alimony in the amount of $75.00 per month until October 1, 1994. The reason for the awarding of alimony in this matter is that the plaintiff will have established her education and would give her a period of time to seek employment.
Both parties shall be responsible for their own counsel fees.
The marital assets have been divided, however, the defendant will make a payment to the plaintiff in the amount of $550.00 toward the purchase of a used vehicle.
The defendant-father shall provide the minor child with medical insurance which is available through his employer. Any unreimbursed medical and dental expenses incurred on behalf of the minor child will be divided equally between the plaintiff and defendant.
The defendant will not be required to undertake a life insurance policy on behalf of the minor child for the reason that the child is near her majority status.
The defendant-husband shall be responsible for the bill to Southbury Medical Center and the Internal Revenue Service bill as listed on the plaintiff-wife's financial statement. In addition, the husband shall pay $5.00 toward the arrearage of $3,800.00 owed to the State of Connecticut for welfare received by the plaintiff.
All orders are effective as of June 1, 1994 with the exception of support which is currently on a continuing basis.
Philip E. Mancini, Jr. State Trial Referee